IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS SMITH,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5605 |
| RAYMOND F. McHUGH,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**PEREZ, J.**                                                                                                                              **NOVEMBER 25, 2025**

Plaintiff Curtis Smith, who is currently incarcerated at SCI Pine Grove, brings this civil rights action against the Honorable Raymond F. McHugh, a judge on the Bucks County Court of Common Pleas, in his individual and official capacities. Smith seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Smith was convicted of various weapons offenses after a trial in the Bucks County Court of Common Pleas. *Commonwealth v. Smith*, No. CP-09-CR-0003478-2023 (C.P. Bucks). His claims in the instant civil action relate to his pretrial detention at the Bucks County Correctional Facility following a hearing that took place in his criminal case on October 2, 2023 before Judge McHugh, who was assigned to the matter for pretrial proceedings. *Id.*; (Compl. at 1.) Smith

---

[1] The following facts are taken from the Complaint and the publicly available dockets of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

alleges Judge McHugh acted unlawfully by ordering his detention based on a document he received from the prosecutor without verifying the allegations therein, and by failing to notify Smith of "specific charges" or his rights. (Compl. at 1-2.) Accordingly, Smith seeks $1.7 million for "false imprisonment" and because he claims to have suffered "assaults and batteries" (committed by third parties) as a result of his pretrial incarceration. (*Id.* at 2-3.)

Notably, this is not the first time Smith has sued Judge McHugh in connection with acts he took in Smith's criminal case. In 2024, Smith filed a civil action against "an expansive list of state and local government entities and officials" including Judge McHugh, "whom he allege[d] . . . acted in concert to violate his rights under state and federal law." *See Smith v. Pennsylvania*, No. 24-925, 2024 WL 5188065, at *1 (E.D. Pa. Dec. 20, 2024). Smith's allegations, which "describe[d] a protracted history of zoning and other disputes between himself and Middletown Township and the related civil and criminal actions initiated against him in the Bucks County Court of Common Pleas," *id.*, included an allegation that he was unlawfully subjected to detention by Judge McHugh and others on October 2, 2023, *Smith v. Pennsylvania*, No. 24-925 (Compl., ECF No. 1, at 14 ¶ 72). The Court dismissed the Complaint in its entirety and closed the case. The claims against Judge McHugh were dismissed with prejudice due in part to his absolute judicial immunity from such claims. *Smith*, 2024 WL 5188065, at *3.

## II.     STANDARD OF REVIEW

The Court grants Smith leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action.[2] Accordingly, the Court must dismiss Smith's Complaint if, among other things, it is frivolous or fails to state a claim. *See* 28

---

[2] However, since Smith is incarcerated, he will be obligated to pay the fee in installments in accordance with the Prison Litigation Reform Act. 28 U.S.C. § 1915(b).

U.S.C. § 1915(e)(2)(B)(i)-(ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id*.  "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings."  *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

### III.   DISCUSSION

Smith's claims are precluded by the judgment in his prior lawsuit.  "Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.

*Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)). Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). Since Smith previously raised claims against Judge McHugh based on the same incident at issue in this case and those claims were dismissed with prejudice in a final judgment, his current lawsuit is precluded.

Smith's claims fail for the additional reason that they are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights and state claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see also Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. Ct. 1987) ("[T]he law in Pennsylvania is well established that judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person."). An act is taken in a

4

judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Since it is apparent from the face of the Complaint and public record that Judge McHugh was acting in his judicial capacity as the presiding judge in Smith's criminal proceeding when he ordered Smith's detention, he is entitled to absolute immunity from Smith's damages claims based on that act.  To the extent Smith sued Judge McHugh in his official capacity, his claims are essentially claims against the Commonwealth that are legally baseless.  *See Will v. Michigan State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Fake v. City of Philadelphia*, 704 F. App'x 214, 216 (3d Cir. 2017) (*per curiam*) ("[W]e further agree with the District Court that the Court of Common Pleas is not, in any event, a "person" subject to liability under § 1983.").

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court concludes that amendment would be futile because Smith cannot cure the defects noted above.  A separate Order follows that dismisses this case.  *See* Fed. R. Civ. P. 58(a).

                                          **BY THE COURT:**

                                          **HON. MIA R. PEREZ**